HLD-022                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1857
_____

IN RE: RAPHAEL ROSS,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus to the
United States District Court for the Eastern District of Pennsylvania
(Related to No. 2:21-cr-00200-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 2, 2026
Before:  CHAGARES, *Chief Judge*, HARDIMAN and RESTREPO, *Circuit Judges*

(Opinion filed: July 16, 2026)
_____

OPINION[*]
_____

PER CURIAM

Petitioner Raphael Ross, proceeding pro se, has filed a petition for a writ of

mandamus. For the reasons below, we will deny the mandamus petition.

Petitioner pleaded guilty to drug and firearm offenses and was sentenced to 120

months in prison. We affirmed. *United States v. Ross*, 151 F.4th 487, 493 (3d Cir. 2025).

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In January 2026, Petitioner filed a pro se motion under 28 U.S.C. § 2255.[1] He also filed motions for appointment of counsel, for an evidentiary hearing, and for the return of property.

On April 16, 2026, Petitioner filed the present petition for a writ of mandamus, asking this Court to direct the District Court to respond to his § 2255 motion. On May 18, 2026, Petitioner filed a copy of the petition in the District Court, and the next day, the District Court ordered the United States Attorney's Office to respond to all of Petitioner's pro se motions by June 19, 2026. The U.S. Attorney's Office subsequently asked for an extension, and the District Court granted this request, extending the new deadline to August 17, 2026.

Petitioner is not entitled to mandamus relief in this case. Petitioner correctly notes that this Court has found that mandamus may be appropriate if a district court's "undue delay is tantamount to a failure to exercise jurisdiction." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). Petitioner has not shown such a failure to exercise jurisdiction here. To the contrary, the District Court has entered case-management orders, and the petition has not been pending for an undue length of time.

To the extent Petitioner alleges that the District Court has failed to set a briefing schedule, the District Court has since acted in ordering the United States Attorney's

---

[1] Petitioner claims to have previously filed this same motion in November 2025, but the District Court docket has no record of that filing.

Office to file a response, so there is no effective relief we can grant as to those allegations. *See generally Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot").

Finally, we note that, contrary to Petitioner's argument, § 2255's one-year time limitation is based on the date the motion in question is filed, not the date the District Court rules. *See* 28 U.S.C. § 2255(f).

Accordingly, we will deny the petition for a writ of mandamus.